# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| CHOATE CONSTRUCTION COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. _____ |
| v. | ) ) | |
| NOVUM STRUCTURES, LLC, | ) ) | |
| Defendant. | ) | |

## CHOATE CONSTRUCTION COMPANY'S COMPLAINT

COMES NOW Plaintiff Choate Construction Company ("Choate"), by and through its undersigned attorneys, and for its Complaint against defendant Novum Structures, LLC ("Novum"), alleges as follows:

## PARTIES

### 1.

Choate is a Georgia Corporation with its principal place of business in Atlanta, Georgia.

### 2.

Novum is a Delaware Limited Liability Company with its principal place of business in Menomonee Falls, Wisconsin. None of the members of the LLC are citizens of the State of Georgia.

## JURISDICTION AND VENUE

### 3.

This Court has personal jurisdiction over Novum because the contract at issue was carried out in Georgia by Novum.

### 4.

This Court has subject matter jurisdiction over the Complaint, as Novum is a citizen of Delaware and Wisconsin, and none of the members of the LLC are citizens of Georgia, and Choate is a citizen of Georgia, thereby rendering complete diversity of citizenship, and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332.

### 5.

Venue is proper in this Court because a substantial part of the events giving rise to the Complaint occurred in Clarke County, Georgia, which is within this judicial district. 28 U.S.C. § 1391(b)(2).

## HISTORY OF THE DISPUTE AND PREVIOUS LITIGATION

### 6.

On or around June 15, 2010, Choate and Novum entered into a subcontract (the "Subcontract") for Novum to design, fabricate, and install two outward sloping glass curtain walls, which consisted of a large number of exterior/interior lites (tempered glass) based on a curtain wall *design and installation system that was*

*proprietary to Novum* at Stegeman Coliseum (the "Project") for the University of

Georgia Athletic Association ("UGAA").

7.

The Project was substantially completed on November 10, 2010.

8.

Following substantial completion of the Project, several of the lites began to

spontaneously shatter and UGAA made claims against Choate associated with

Novum's work.

9.

The first five lite breaks occurred between July 29, 2011 and November 27,

2013.

10.

UGAA asserted that the glass provided by Novum was defective because it

contained catastrophic nickel sulfide.

11.

UGAA also asserted that the glass system was not designed/installed per the

Project specifications drafted by Novum, which required that all lites be fully

laminated.

12.

Based on the 5 lite breaks, UGAA demanded that Choate replace all of Novum's work at a cost of millions of dollars ("UGAA's Demand").

13.

Pursuant to the terms of the Subcontract, Choate demanded defense/indemnity from Novum because UGAA's Demand arose from Novum's work and the five (5) broken lites.

14.

Novum refused to provide Choate with any defense/indemnity related to UGAA's Demand.

15.

Based on Novum's refusal to honor its defense/indemnity, Choate settled with UGAA's Demand to avoid the entire replacement of the curtain walls, in favor of a resolution that involved (i) a film application over the existing glass and (ii) an ongoing warranty agreement for a period of 5 years after the completion of the film application that any further breaks would be removed, replaced and re-filmed at no cost to UGAA ("UGAA Settlement").  The obligation to replace further breaks under the UGAA Settlement applied to lite brakes that occurred through June of 2019.

4

16.

Choate demanded indemnity from Novum for the UGAA Settlement costs, and Novum refused.

17.

Choate initiated the First Arbitration to enforce Novum's indemnity obligations and to recover Choate's damages based on the UGAA Settlement and Novum's refusal to defend/indemnify Choate for the 5 lite breaks then at issue, as follows:

a. Costs to provide a film solution per the UGAA Settlement;

b. Safety costs Choate incurred prior to the implementation of the film solution;

c. Costs to replace the 5th lite; and

d. Attorneys' fees and arbitration costs.

18.

The Parties introduced expert opinions into evidence which demonstrated that the Lite Breaks were caused by nickel sulfide inclusions and that additional lite breaks were probable.

19.

Novum lost the First Arbitration outright, with the arbitrator issuing the First Arbitration Award (the "First Award").  The First Award found that "Novum owed Choate defense and indemnification pursuant to the terms of the Subcontract…"

20.

The First Award obligated Novum to pay Choate the damages that Choate sought in the arbitration.

21.

By its terms, the First Award was limited to "all claims of the parties *as asserted in this Arbitration*…"  Ex. 2, First Award at 2 (emphasis added).

22.

On July 2, 2014, UGAA had another lite break at the Project, which was also the result of a defect: a nickel sulfide inclusion ("6th Lite Break").

23.

As the 6th Lite Break occurred after the First Arbitration, no such claims for damages associated with the replacement of this break was part of the First Arbitration.

24.

On July 7 and July 22, 2014, Choate tendered defense and indemnity under the First Arbitration and the Subcontract to Novum in connection with the 6th Lite Break.

25.

On July 28, 2014, Novum responded and refused any indemnity obligations under the Subcontract, claiming that the First Arbitration fully addressed all claims between the parties and constituted res judicata as to any future claims under the Subcontract.

26.

Novum then initiated a second arbitration to contest Choate's decision language in the July 7, 2014 letter and create uncertainty regarding Choate's legal rights under the Subcontract and the First Arbitration.

27.

The Second Arbitration was stayed while Novum filed a complaint in Fulton County Superior Court to resolve the dispute. The Complaint was removed to the Northern District of Georgia in February 2015 and the action proceeded as civil action number 1:15-CV-0335-LLM before this Court.

28.

In addition to claims for breach of contract, the litigation sought Declaratory Judgment that "Novum is contractually obligated to defend/indemnify Choate for defects in Novum's work, such that Choate can fulfill the terms of the UGAA Settlement for the sixth break *and any subsequent breaks.*" <u>See</u> Exhibit A, p. 6 (emphasis added).

29.

During the pendency of the dispute regarding the 6th Lite Break, on or around June 30, 2015, a 7th lite broke on the Project ("7th Lite Break").

30.

Again, Choate tendered defense and indemnity under the First Arbitration and the Subcontract to Novum in connection with the 7th Lite Break and again on July 8, 2015, Novum refused.

31.

The 7th Lite Break dispute was added to the prior Northern District litigation.

32.

Choate and Novum filed cross motions for summary judgment, and on November 16, 2015, this Court granted Choate's motion for summary judgment and

denied Novum's motion for summary judgment. (See Order dated 11/16/15, attached hereto as Exhibit "A").

33.

This Court found that the 6th and 7th glass breaks were caused by the same glass defects as identified in the First Arbitration and held that issue preclusion prevented Novum from contesting liability regarding the 6th and 7th lite breaks, granting Choate's Motion for Summary Judgment on its declaratory judgment action. See Exhibit A, p. 14.

34.

 This Court further found that Novum had breached its contract by refusing to defend and indemnify Choate (See Exhibit A, p. 16); providing defective materials (See Exhibit A, p. 17); and failing to repair or replace the breaks (See Exhibit A, p. 17).

35.

Finally, this Court found that Novum owed a duty of specific performance because Choate's remedy at law was inadequate, due to Novum's proprietary installation methods to install the lites. (See Exhibit A, p. 20).

36.

Novum appealed this Court's ruling, and the 11th Circuit affirmed the judgment.

## CURRENT DISPUTE

37.

On August 29, 2018 another lite break occurred on the Project, (the "10th Lite Break")[1], with the break occurring in a consistent manner as all prior lite breaks and no indication that it was caused by anything other than another nickel sulfide inclusion.

38.

On August 30, 2018, Choate notified Novum of the break and sought Novum's cooperation to repair the break.

39.

Initially, it appeared that Novum intended to cooperate with Choate to replace the lite, however, communications broke down and Novum refused to repair the 10th Lite Break.

---

[1] There is no dispute about breaks 8 or 9.

40.

On August 14, 2019, Choate sent a notice of default and demand for defense and indemnification.

41.

Counsel for Novum responded by email on August 28, 2019, refusing to defend or indemnify Choate on the basis of the statute of repose.

42.

Choate's obligations under the UGAA Settlement were ongoing at the time of the 10th Lite Break.

43.

Based on the cost of prior lite breaks, Choate believes the cost of replacing the 10th Lite Break, disposing of the broken lite, and re-filming the lite will cost in excess of $75,000.

## COUNT I – DECLARATORY JUDGMENT[2]

44.

Choate repeats and incorporates by reference the allegations in Paragraphs 1-43 of Choate's Complaint, as though expressly stated herein.

---

[2] This Court has previously held that a declaratory judgment action is appropriate to decide this dispute: "UGAA Settlement requires Choate to repair and replace lites as they break. As such, the legal obligations between Choate and Novum can be decided in a declaratory judgment action." See, Order, Exhibit A, p. 9.

45.

Despite the First Arbitration Award, the final judgment of this Court, and the affirmation of the 11th Circuit, Novum continues to refuse to honor its contractual defense and indemnity obligations.

46.

Novum has refused to cooperate with Choate in providing a replacement for the 10th lite.

47.

Novum's duty of defense and indemnity was made abundantly clear in the First Arbitration and by Order of this Court.

48.

The 10th Lite Break arises out of the same circumstances as the prior Lite Breaks and Choate's obligation to replace the 10th Lite Break is predicated on the same UGAA Settlement for which this Court has already held Novum responsible to indemnify Choate.

49.

The obligation to repair the 10th Lite Break is identical to Novum's obligation to replace the 6th and 7th Lite Breaks as adjudicated by this Court.

50.

This Court's prior Order bound Novum to defend and indemnify Choate for Choate's obligations under the UGAA Settlement.

51.

Novum now argues that the Court's prior Order is inapplicable to the 10th Lite Break.

52.

Choate wishes to enforce the Order dated November 16, 2015 that required Novum to defend and indemnify Choate for Lite Breaks, as the present dispute arises from the exact same operative facts.

53.

Choate is entitled to a declaratory judgment that Novum is contractually obligated to defend/indemnify Choate for defects in Novum's work, such that Choate can fulfill the terms of the UGAA Settlement for the 10th Lite Break. Choate is entitled to this declaration as a matter of *collateral estoppel*, deriving from the First Award and Order of this Court.

## COUNT II – BREACH OF SUBCONTRACT AND SPECIFIC PERFORMANCE

54.

Choate repeats and incorporates by reference the allegations in Paragraphs 1-53 of Choate's Counterclaim, as though expressly stated herein.

55.

The Subcontract Article IX, paragraph 30, obligates Novum to "defend, indemnify and hold harmless [Choate], Owner…and their respective agents ad employees from and against all claims, damages, losses and expenses (including without limitation, attorneys' fees), arising out of, or otherwise related to, Subcontractor's duties and obligations as set forth in this Subcontract, including the performance of Subcontractor's Work…"

56.

The Subcontract Article IX, paragraph 2, states that "Subcontractor, its surety and its insurer shall remain responsible for repair, replacement and all other costs associated with the correction of any latent defect relating to the work in accordance with the applicable statute of limitations, irrespective of when such defect is discovered."

57.

Novum breached its duty of defense and indemnity under the Subcontract by

refusing to indemnify Choate with regard to the 10th Lite Break on August 28, 2019.

58.

Novum further breached the Subcontract by providing defective materials at the Project, as evidenced by the 10th Lite Break,

59.

Novum further breached the Subcontract by failing to repair, replace and pay for all costs associated with the defective work Novum provided at the Project.

60.

As a direct and proximate result of Novum's breaches of the Subcontract, Choate incurred substantial damages from the 10th Lite Break and Novum's failure to honor its defense/indemnity obligation to Choate.

61.

All conditions precedent to Choate bringing this claim against Novum for breach of the Subcontract have been fulfilled, satisfied, or waived.

62.

The UGAA Settlement and Project documents obligate Choate to provide a Novum lite system.  Because Novum's work is proprietary, Choate seeks an award of specific performance of repair and replacement of the 10th Lite Break. There is no adequate measure of damages under these circumstances.

63.

Choate also seeks to recover its damages associated with additional costs caused by Novum's breach of contract that would not be resolved through specific performance, such as the costs of removing and disposing of the failed 10th lite and re-filming the 10th lite once it has been replaced, and all of Choate's costs and attorneys' fees incurred as a result of Novum's failure to honor its indemnity to Choate.

## COUNT III – NEGLIGENT CONSTRUCTION

64.

Choate repeats and incorporates by reference the allegations in Paragraphs 1-63 of Choate's Counterclaim, as though expressly stated herein.

65.

"[A]n action in tort may arise from the negligent omission or violation of a duty created by contract." *Washburn Storage Co. v. Elliott*, 93 Ga. App. 456, 456 (1956); "There is implied in every construction contract a duty to perform work skillfully, carefully, and in a workmanlike manner, a breach of which duty, proximately resulting in damage, constitutes a tort for which recovery may be had." *Shaw v. Petersen*, 180 Ga. App. 823, 824 (1986).

66.

Novum owed a duty to provide materials that were free from defect and execute the Subcontract in a workmanlike manner.

67.

The glass lites supplied by Novum contained a catastrophic defect, which resulted in the 10th Lite Break.

68.

As a direct and proximate result of the defect that caused the 10th Lite Break, Choate is required to replace the lite, at great cost and expense to Choate.

## COUNT IV – COMMON LAW AND CONTRACTUAL INDEMNIFICATION

69.

Choate repeats and incorporates by reference the allegations in Paragraphs 1-65 of Choate's Counterclaim, as though expressly stated herein.

70.

Choate is responsible pursuant to the UGAA Settlement for the repair, replacement, re-filming, and associated costs of the 10th Lite Break.

71.

Supplying and installing the glass lites was the responsibility of Novum under the Subcontract, therefore Novum owes a duty of indemnity to Choate contractually

and under the common law of Georgia for damages that result out of defective material Novum supplied.

72.

Novum has refused to defend and indemnify Choate.

73.

Choate is entitled to indemnification from Novum for all expenses, costs, including attorney fees related to Choate's obligations under the UGAA Settlement.

WHEREFORE, Choate respectfully prays for the following relief:

a. For judgment against Novum on Count I for Declaratory Judgment against Novum;

b. For judgment against Novum on Count II for Breach of Subcontract and Specific Performance, awarding the requested specific performance and damages in an amount to be proven at trial;

c. For judgment against Novum on Count III for Negligent Construction;

d. For judgment against Novum on Count IV and requiring Novum to defend and indemnify Choate to the full extent of Choate's liability to UGAA;

e. For a trial by jury; and

f. For all such other and further relief as the Court deems just and proper.

Respectfully submitted this 1st day of November, 2019.

                    **HUDSON PARROTT WALKER, LLC**

                    /s/ Kevin H. Hudson
                    Kevin H. Hudson
                    Georgia Bar No.  374630

3575 Piedmont Road, N.E.
Suite 850
15 Piedmont Center
Atlanta, Georgia  30305
Telephone: (404)554-8181
Facsimile:  (404) 554-8171
Email:  khudson@hpwlegal.com
*Attorney for Choate Construction Company*

## **<u>LR 7.1 CERTIFICATE</u>**

Pursuant to L.R. 7.1D, counsel certifies that the foregoing document complies with the font and point selections approved by the Court in L.R. 5.1C.  This document was prepared using Times New Roman 14 point font.

/s/Kevin H. Hudson
Kevin H. Hudson
Georgia Bar Number 374630